IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN McMILLAN,

      Plaintiff,                    No.  2:13-cv-0578 KJN P

      vs.

A. PFILE, et al.,                    <u>ORDER</u> and

      Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff filed this civil rights action on March 25, 2013, while a prisoner at California State Prison-Solano.  This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

        On March 29, 2013, this court directed plaintiff to submit, within 30 days, a completed application in support of his request to proceed in forma pauperis, and therefore in support of his complaint and request for preliminary injunctive relief.  Plaintiff was informed that "failure to comply with this order will result in a recommendation that this action be dismissed without prejudice."  (Dkt. No. 5 at 2.)  The thirty-day period has now expired and plaintiff has not responded to the court's order or otherwise communicated with the court.

        The Local and Federal Rules of Civil Procedure authorize dismissal of this action at this juncture.  Local Rule 110 provides that failure to comply with the Local Rules "may be

grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Moreover,"[p]ursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives.'"  Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

       Here, as in Ferdik, the first two factors strongly support dismissal.  Plaintiff has not responded to the court's only order in this action; nor has he otherwise participated in this case since his original filings.  Significantly, the court's review of the "inmate locator" website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff may no longer be incarcerated.  Thus, it appears that the court is devoting scarce judicial resources to this litigation despite plaintiff's apparent intent to abandon it.

       The third Ferdik factor, prejudice to defendants, also favors dismissal; to continue this case, despite plaintiff's failure to participate, would require defendants to expend time and expense without obtaining legal closure.  The fifth factor, availability of less drastic alternatives, also favors dismissal, as it appears that giving plaintiff additional notice and time to respond would be futile.

       The fourth Ferdik factor, the public policy favoring disposition of cases on their merits, almost always weighs against dismissal.  However, the undersigned finds that the remaining Ferdik factors outweigh this public policy, particularly in this instant case where it

appears that plaintiff is no longer incarcerated or actively pursuing this action.  Thus, review of each of the Ferdik factors supports dismissal of this action.  Fed. R. Civ. P. 41(b); Ferdik, 963 F.2d at 1263.

For these reasons, the undersigned will direct the assignment of a district judge to this action, and recommend that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcmi0578.f&r.no rspns.

3