UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MCMILLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. RINGLER, et al.,<br><br>    Defendant. | No. 2:13-cv-00578 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding, in forma pauperis and without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 16, 2015, plaintiff filed his second amended complaint herein. (ECF No. 45.) Defendants' deadline to file a response is March 30, 2015.

On March 18, 2015, defendants filed a motion to extend the deadline by which they must file a response to the second amended complaint. (ECF No. 46.) In support of this motion, defendants' counsel has filed a declaration in which she avers that she is preparing for a federal trial set to commence on April 6, 2015, as well as an appellate oral argument set for April 13, 2015. (ECF No. 46-1.) Good cause appearing, defendants' motion for an extension of time in which to file a response will be granted.

On March 18, 2015, defendants also filed an ex parte application for a stay of discovery. (ECF No. 47.) In support of the application, defendants' counsel avers that defendants may file

another motion to dismiss in response to the second amended complaint, which might have the effect of narrowing the scope of discovery or terminating the action altogether. (ECF No. 47-1.) Defendants therefore seek a stay of discovery until such time as they file an answer herein.

Federal Rule of Civil Procedure 26(c) governs the granting of protective orders for parties from whom discovery is sought. A party bringing a motion under Rule 26(c) carries a "heavy burden" and must make a "strong showing" of good cause for the issuance of a protective order. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). It is well-settled that Rule 26 does not provide for blanket stays of discovery simply because a potentially-dispositive motion is pending. See, e.g., Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."); Skellercup Indus. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600 (C.D. Cal. 1995) ("[D]efendant . . . has not made a 'strong showing'; rather, defendant . . . has done no more than to argue in conclusory fashion that its motion to dismiss will succeed."); Huene v. U.S. Dept. of Treasury, No. 2:11–cv–2110-JAM-AC, 2013 WL 417747 (E.D. Cal. Jan. 31, 2013) ("An overly lenient standard for granting motions to stay discovery due to pending dispositive motions would result in unnecessary delay in many cases . . . [A] stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief."). The party moving for a discovery stay must demonstrate a "particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." Gray, 133 F.R.D. at 40.

Defendants have failed to make such a showing here. The assertion that "a dispositive motion *could* dispose of the case, or narrow the issues" (ECF No. 47 at 2) (emphasis added), is too speculative to meet the standard for issuing the requested stay. By contrast, in Little v. City of Seattle, 863 F.2d 681 (9th Cir. 1988), cited by the defendants in support of their motion, the Ninth Circuit affirmed a district court's grant of a discovery stay until the dispositive issue of defendant's immunity was resolved because "[b]ased on the facts presented in [the] case, discovery could not have affected the immunity decision." Id. at 685. Defendants have failed to make a similarly particularized showing regarding the inadvisability of permitting discovery to

proceed herein.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for an extension of time to file a response to plaintiff's second amended complaint (ECF No. 46) is granted. Defendants are to file their response no later than April 29, 2015.

2. Defendants' motion for a discovery stay (ECF No. 47) is denied without prejudice.

Dated: March 25, 2015

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcmi0578.36+stay