UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MCMILLAN, | No. 2:13-cv-0578 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| S. RINGLER, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on the following claims:

(a) claim 1: defendants Ringler, Zuniga and Scotland allegedly retaliated against plaintiff by searching his property on December 5, 2012, based on their knowledge of plaintiff's lawsuit against the CDCR;

(b) claim 2: defendants Zuniga and Ringler allegedly destroyed plaintiff's Korans during the December 5, 2012 search in retaliation for his lawsuit against CDCR discussed during the telephonic settlement conference in defendant Scotland's office;

(c) claim 3: defendant Ringler allegedly retaliated against plaintiff for his legal activities when Ringler prepared the January 17, 2013 chrono;

////

1

(d) claim 7: defendant Ringler allegedly retaliated against plaintiff for his legal activities when Ringler confiscated plaintiff's personal property for no legitimate purpose; and

(e) claim 9: defendant Scotland allegedly conspired with defendants Ringler and Zuniga to engage in the December 5, 2012 search that resulted in the damage to plaintiff's Korans. (ECF No. 55.)

Plaintiff's motion to compel further production of documents and request for leave to propound additional interrogatories is before the court. Defendants filed an opposition, and plaintiff filed a reply. As discussed below, plaintiff's motion to compel is partially granted.

II. Motion to Compel

A. Plaintiff's Motion

Plaintiff seeks an order compelling production of the documents requested in plaintiff's request for production of documents (set one), requests 3 through 10, and 11 through 12; and request for production of documents (set two), requests 23 through 33. (ECF No. 64 at 5.) Plaintiff sought the production of emails between defendants between specified dates. (ECF No. 64 at 8, citing Ex. A, Requests 3-10, and Ex. C, Requests 30-33.) Defendants objected to the requests as overbroad, so plaintiff agreed to narrow his request to emails sent from selected defendants solely referencing defendant Ringler's submission of the January 17, 2013 128B chrono (hereafter "chrono"), and agreed that confidential information could be redacted. (ECF No. 64 at 9.) Plaintiff also asks the court to compel production of redacted grievances pertaining to retaliation of lost or destroyed property; the email communications between defendants referencing plaintiff, the chrono submitted by defendant Ringler, the search of plaintiff's property, and the destruction of plaintiff's Korans. (ECF No. 64 at 11.) In addition, plaintiff seeks an order allowing him leave to propound additional interrogatories. Plaintiff has propounded about 144 interrogatories in total to all of the defendants, but claims that because so many of his interrogatories went unanswered, he should be allowed to propound 50 additional interrogatories to each named defendant. (ECF No. 64 at 10.)

////

////

B. <u>Standards</u>

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. <u>McCoy v. Ramirez</u>, 2016 WL 3196738 at *1 (E.D. Cal. 2016); <u>Ellis v. Cambra</u>, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>U.S. ex rel. O'Connell v. Chapman University</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

> resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

The court is vested with broad discretion to manage discovery, and notwithstanding the discovery procedures set forth above, plaintiff is entitled to leniency as a pro se litigator; therefore, to the extent possible, the court addresses plaintiff's motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### C. Discussion

#### 1. Request for Production ("RFP"), Set One

##### Request Nos. 3-10

In request nos. 3 through 10, plaintiff asked for "any and all emails" from defendant Ringler to defendants Young, Scotland, Henry, Ruiz, Swarthout, and Popovits, and to Investigative Services Unit Lt. Brown and Ombudsman Jean Weiss, from November 2012 to July of 2013. Defendants objected on the grounds that the requests were overbroad and burdensome, and that if any documents exist that are responsive to the requests, they could contain information that is irrelevant to any claim or defense in this case. Moreover, any such documents could contain information that is privileged and confidential and their disclosure could threaten the safety and security of the institution. Defendants provided a privilege log along with their responses.

////

Although plaintiff limited the requests as to time, from November 2012 to July of 2013, he failed to limit the requests as to subject matter, and failed to demonstrate how such emails are relevant to any of the five remaining claims set forth above. Defendants' objections are well taken and are sustained. No further response to request nos. 3 through 10 is required.[1]

### Request Nos. 11 - 12

In request nos. 11 through 12, plaintiff sought statistical or numerical data about grievances and complaints filed against defendant Ringler alleging retaliation and property loss between January 2009 and December 2013. Defendants objected because no such information has been compiled, and such information would include complaints against defendant Ringler under unrelated circumstances as well as some unfounded complaints. Thus, defendants contend that such evidence would not make plaintiff's claims in this case more or less probable, and would have no consequence in determining the outcome of this case, citing Fed. R. Evid. 401. (ECF No. 67 at 4.) Further, defendants argue that plaintiff is not entitled to obtain data to support his claim against Warden Swarthout because the court dismissed plaintiff's claims against the warden (ECF No. 65).

Defendants' objections are well taken. Plaintiff is advised that this court cannot order a defendant to create statistical or numerical data or produce documents that do not exist. See Fed. R. Civ. P. 34(a) (1). While the underlying grievances and complaints may exist, plaintiff did not request such documents; rather, he sought statistical or numerical data concerning same.

2. RFP Set Two

### Request Nos. 23 - 27

In his request nos. 23 through 27, plaintiff attempted to narrow his previous requests for numerical data by seeking the numerical sum of citizens' complaints filed against defendants Ringler, Ruiz, Henry, Scotland, and Popovits. Rule 34 governs the production of documents by

---

[1] In his conclusion, plaintiff asks the court to compel production of email communications between defendants referencing plaintiff, the chrono submitted by defendant Ringler, the search of plaintiff's property, and the destruction of plaintiff's Holy Korans. (ECF No. 64 at 11.) However, with the exception of the chrono, plaintiff did not propound requests for emails concerning these discrete areas.

5

parties to the litigation. Fed. R. Civ. P. 34. Because defendants Ruiz, Henry, and Popovits have been dismissed from this action, they are not required to respond. (ECF No. 65.)

Plaintiff's request for the numerical sum of such citizen's complaints against defendants Ringler and Scotland also fail because such information has not already been compiled. Moreover, plaintiff did not limit the request by subject matter relevant to his remaining claims. Finally, despite their objections, defendants responded to plaintiff's requests by stating no citizens' complaints were filed against any of the defendants plaintiff asked about. (ECF No. 67 at 5; Defts.' Ex. B.) Plaintiff counters that such response is wrong because he is aware of lawsuits filed against some of the defendants by other inmates, and argues in his reply that there should be at least two such complaints. However, as argued by defendants, citizens' complaints are not the proper vehicle for an inmate to exhaust administrative remedies. See Gaston v. Hedgepeth, 2014 WL 4104203, at *4 (E.D. Cal. Aug. 18, 2014) (filing of a "citizen's complaint" does not serve as proper exhaustion of administrative remedies), aff'd sub nom., Gaston v. Morales, 623 F. App'x 874 (9th Cir. 2015). Rather, inmates must properly pursue their administrative remedies through the grievance (Form 602) process.[2] Cal. Code Regs. tit. 15, § 3391.

Because defendants' objections are sustained, and, despite their objections, responded that no citizen's complaints exist, defendants are not required to provide additional responses to requests 23 through 27.

Request No. 28

In request no. 28, plaintiff asked for "any and all documents, letters, memoranda or notes produced by Ombudsman Jean Weiss regarding allegations of misconduct by defendant S. Ringler." (ECF No. 64 at 34.) Defendants objected that the request was vague as to time, overbroad, and seeks documents that are not relevant to plaintiff's claims or any defenses, and seeks confidential information. Defendants argue that plaintiff made no attempt to narrow his

---

[2] It appears from plaintiff's reply that he believes grievances and citizen's complaints are the same. (ECF No. 64 at 6 ("Plaintiff's 602 grievance/Citizen's Complaint Log #CSP-S-12-3044. . . .") As explained above, they are not.

6

request and because the Ombudsman receives hundreds of calls and letters about various complaints, it is unclear whether relevant documents even exist, but even if they did, such documents are confidential. Moreover, defendants argue they do not have custody or control of the records of the Office of the Ombudsman.

Without waiving any objections, defendants state they are willing to respond to a more narrowly phrased request, limited to relevant documents with confidential information to be redacted.

In his reply, plaintiff argues that his complaints regarding defendant Ringler's actions were initially submitted to Ombudsman Jean Weiss, and that any emails and written communication from Weiss to any of the named defendants, including writings concerning any informal investigation, could provide circumstantial evidence of retaliatory intent, particularly if the timing of any such writings is in close proximity to actions taken against plaintiff. (ECF No. 68 at 4.)

First, defendants' objection that they do not have possession, custody or control over such responsive documents is insufficient. Defendants must support their objection with sufficient specificity to allow the court to (1) conclude the response was made after a case-specific evaluation; and (2) evaluate the merit of that response. Estrada v. Gipson, 2014 WL 7399220, at *8 (E.D. Cal. Dec. 29, 2014). Defendants are obliged to produce responsive documents "over which the party has control, not merely possession." See McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am., 160 F.R.D. 691, 695-96 (S.D. Ind. 1993) (organizations must produce documents within the possession of their officers or agents/ employees).

Second, plaintiff did not seek emails in his request no. 28. Thus, plaintiff's request to compel production of Weiss' emails in response to request no. 28 is denied.

Third, despite plaintiff's failure to narrow the subject matter of his request, the court is persuaded by plaintiff's argument as to Weiss' written documents. Defendants shall provide any documents, letters, memoranda or notes pertaining to plaintiff's complaints regarding defendant Ringler's actions, including writings concerning any informal investigation, from Weiss to any of

the remaining named defendants from November 2012 to July of 2013.  Defendants may redact any confidential information from their responses.

### Request No. 29

In request no. 29, plaintiff asked defendants to "produce any and all documents, letters, memoranda or notes produced by Investigative Services Lieutenant Brown regarding allegations of official misconduct by defendant S. Ringler." (ECF No. 64 at 35.) Defendants objected on vagueness, overbreadth, and burdensome grounds, and argue that such documents are not relevant or likely to lead to admissible evidence, and are also confidential.  In reply, plaintiff states that his claim concerning the destruction of his Holy Korans was delivered to Associate Warden K. Young, who summoned Investigative Services Lt. Brown.  (ECF No. 68 at 4.)  Plaintiff argues that his request concerns the official response to plaintiff's formal/informal complaints about defendant Ringler, and argues that what, if any, action or communication was initiated after the complaint, and to whom, bears on the timing of events, and is therefore relevant to retaliatory intent. (ECF No. 68 at 4-5.)  Plaintiff argues that defendant Ringler had no less than three formal complaints lodged against him prior to submission of the January 17, 2013 chrono.  (ECF No. 68 at 5.)

Defendants are correct that plaintiff did not narrow request no. 29 either by date or by subject matter.  However, plaintiff's arguments persuade the undersigned that the requested writings, if any, by Lt. Brown concerning plaintiff's complaints about defendant Ringler from November 2012 to July of 2013, are relevant to the remaining claims.  Thus, defendants shall produce, for the period from November 2012 to July of 2013, any and all documents, letters, memoranda or notes produced by Investigative Services Lt. Brown, in response to plaintiff's allegations of official misconduct by defendant Ringler, including allegations concerning the destruction of plaintiff's Holy Korans during the December 5, 2012 cell search, the confiscation of plaintiff's personal property, and the preparation of the January 17, 2013 chrono.  Defendants may redact any confidential information from their responses.

////

////

Request Nos. 30 - 33

In request nos. 30 through 33, plaintiff asked defendants to produce any and all emails sent or received by defendants Ringler, Young, Muldong, and Henry, between the dates of January 10, 2013, through February 29, 2013, concerning the chrono dated January 17, 2013, authored by defendant Ringler. Plaintiff argues such discovery is relevant because it would demonstrate the motivation as to actions taken against him, and any confidential information can be redacted. Defendants argue that they cannot respond to these requests as phrased because responding would require reviewing potentially hundreds of documents that are wholly unrelated to plaintiff's claims. In addition, defendants contend that emails between prison officials concerning disciplinary matters and inmate records constitute confidential information under Cal. Code Regs. tit. 15, §§ 3321 and 3450(d). Defendants contend that disclosure to inmates could jeopardize the safety and security of the institution, as explained in their privilege log. However, defendants state they are willing to respond to a more narrowly phrased request, provided only relevant documents are produced and confidential information redacted.

In reply, plaintiff states that he is unable to narrow the requests beyond a general time frame because he is unaware of the exact dates defendants communicated. Thus, he contends that a time frame of two or three months is not unreasonable, and it is unlikely such emails would be extensive because he only seeks emails pertaining to plaintiff, defendant Ringler's 128 chrono, and the internal investigation by Lt. Brown or Ombudsman Weiss.

First, Young, Muldong and Henry were dismissed from this action on March 31, 2016. Because these defendants are no longer parties, plaintiff's motion to require further responses from Young, Muldong and Henry is denied. Fed. R. Civ. P. 34 ("[a] party may serve on any other party" requests for production of documents.)

Second, plaintiff's request nos. 30 through 33 only sought emails related to defendant Ringler's chrono, and did not seek emails concerning the internal investigation by Brown or Weiss. Thus, defendants are not required to produce emails concerning the internal investigation by Brown or Weiss in further response to request nos. 30 through 33.

////

Third, defendants' objection that responding to these requests would require reviewing a large number of unrelated documents is overruled. Plaintiff narrowed his request by date and by topic. Moreover, emails are electronically searchable by, for example, plaintiff's name, the date or nature of the chrono, or by the term "Bulletins," discussed in the court's ruling on defendants' motion to dismiss. (ECF No. 55 at 12.) The 49 day time frame, January 10, 2013, through February 29, 2013, is not so large as to be burdensome, particularly given the information can be electronically searched.

Fourth, the court finds that plaintiff's interest in seeking discovery outweighs the privilege asserted by defendants, as set forth below.

In section 1983 cases, federal law, not state law, applies to resolve the question of privileges. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd 426 U.S. 394 (1976); Bryant v. Armstrong, 285 F.R.D. 596, 604 (S.D. Cal. 2012). Federal common law recognizes a qualified privilege for official information. See Kerr, 511 F.2d at 197-98. To determine whether the official information privilege applies, the court must balance the interests of the party seeking discovery and the interests of the government entity asserting the privilege. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). However, in the context of civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'" Bryant, 285 F.R.D. at 596 (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

To trigger the court's balancing of interests, the party opposing disclosure must make a "substantial threshold showing." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 669). The party opposing disclosure "must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." Id.; see also Stevenson v. Blake, 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012). The declaration must include: "(1) an affirmation that the agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of

harm to these interests; and (5) a projection of how much harm would be done to these interests if disclosure were made." Id., citing Kelly, 114 F.R.D. at 670.  If the objecting party does not meet the requirements for invoking the privilege, a court will overrule the privilege objection and order full disclosure.  Bryant, 285 F.R.D. at 605 (citing cases).

Here, although defendants provided a privilege log and declaration in support of their privilege objection, it does not address the information sought by request nos. 30 through 33.  In defendants' privilege log, defendants focus on the files of nonparty inmates, nonparty inmates' grievances and citizen complaints, and the investigation of inmate appeals . (ECF No. 67 at 13-14.)  Defendants provided the declaration of M. Romero, an appeals coordinator, who explains why disclosure of such information would jeopardize the security of the staff, inmates, and institution.  (ECF No. 67 at 16-18.)  However, the privilege log and the declaration do not specifically address the issue of emails, or the discovery of emails pertinent to the January 17, 2013 chrono authored by Ringler.  The January 17, 2013 chrono, issued to plaintiff, is not an inmate appeal, and does not appear to involve an inmate other than plaintiff.  Moreover, the January 17, 2013 chrono is at issue in plaintiff's retaliation claim, as discussed in the court's ruling on defendants' motion to dismiss.  (ECF No. 55 at 11-13.)

Weighing the possible benefits of discovery against defendants' generalized assertion to the official information privilege, the court finds that the requested emails to and from defendant Ringler concerning the January 17, 2013 chrono are relevant to plaintiff's retaliation claim.  Thus, discovery is appropriate.  Plaintiff's motion to compel further production in response to request nos. 30 through 33 is granted as to the non-privileged portions of emails to and from defendant Ringler concerning the January 17, 2013 chrono, for the time frame January 10, 2013, through February 29, 2013.  Defendants are permitted to redact the names and identification of individuals who are nonparties.

### 3. Requests for Information about Staff Training

Defendants note that plaintiff mentioned his need for information about the training received by defendants and his request for documentation of such training.  Defendants state that despite plaintiff's failure to narrow his initial request in RFP, Set One, No. 15, defendants

provided the relevant documentation and information. (ECF No. 67 at 8, citing Ex. B.)  Plaintiff did not further object in his reply.  Thus, no further order is required.

### 4. Request to Propound Additional Interrogatories

Plaintiff seeks leave to serve additional interrogatories, apparently because defendants objected to his submitting more than Rule 33 allows and declined to stipulate to his request to submit more.  Plaintiff also seeks clarification of the responses to his previous interrogatories, and argues he should be allowed to submit more interrogatories to obtain information he could obtain if he were able to depose the defendants.

Defendants contend that plaintiff failed to make a particularized showing as to why he should be allowed to submit fifty more interrogatories to each defendant, and argue that more interrogatories would be unduly burdensome on defendants. (ECF No. 67 at 8.)  Defendants contend that plaintiff's request is almost identical to the request made in Waterbury v. Scribner, 2008 WL 2018432, at *1 (E.D. Cal. May 8, 2008), and argue that the court should deny plaintiff's request on the same grounds as the order in Waterbury. (ECF No. 67 at 10.)

In reply, plaintiff provides numerous interrogatory responses from former defendants Muldong, Young, Ruiz, Henry, and Swarthout, as well as the remaining defendants, apparently to support his claim that defendants responded "with a defense of ignorance," or that they were "incapable of responding." (ECF No. 68 at 6.)  Plaintiff requests leave to file additional interrogatories because his initial interrogatories sought information concerning claims since dismissed, and the "remainder concern information that could be obtained if defendants produce the documents requested" in his motion to compel. (ECF No. 68 at 11.)  Finally, plaintiff also argues that he needs additional interrogatories to determine the factual basis for defendants' eleven affirmative defenses. (Id.)

Although Rule 33(a) limits the number of interrogatories a party may serve to twenty-five, under Rule 33, a Court may grant leave to serve additional interrogatories to the extent consistent with Rules 26(b)(1) and (2).  "If a particularized showing of the necessity of the discovery is made, a party may request additional interrogatories." Sterr v. Baptista, 2009 WL 1940500, at *1 (E.D. Cal. June 29, 2009).

Here, plaintiff already propounded 144 interrogatories, as well as multiple sets of requests for admissions and requests for production of documents. Although plaintiff seeks leave to propound an additional fifty interrogatories to each remaining defendant, his motion to compel did not make a particularized showing of what additional information he seeks or why. Rather, plaintiff claims he needs additional interrogatories to clarify prior responses; however, if a defendant's response was unclear or incomplete, or an objection unfounded, plaintiff could seek to compel further responses to the interrogatories, not seek to propound additional interrogatories.

Plaintiff's argument that he should be able to obtain more information through additional interrogatories because he is unable to depose the individuals is unavailing. Waterbury, 2008 WL 2018432, at *1. There are different discovery devices available to the parties, and plaintiff is not entitled to more of one discovery device because he cannot depose a party.

In his reply, plaintiff provided copies of interrogatories propounded to defendants who are no longer parties to this action, as well as to remaining defendants, but his generalized objections to the responses do not provide the particularized showing required. Plaintiff did not provide the fifty interrogatories he would propound, or even identify the information he would seek. The sole exception is his new argument that he needs to determine the factual basis for the affirmative defenses pled in the answer filed April 14, 2016, after his interrogatories were propounded.

Therefore, plaintiff's request for leave to propound additional interrogatories is denied, except that plaintiff is granted leave to submit one additional interrogatory to each remaining defendant asking the defendant to provide the factual basis for each affirmative defense pled in the April 14, 2016 answer.

### 5. Conclusion

For the above reasons, plaintiff's motion to compel is granted in part, and denied in part.[3] By separate order, the court will set a schedule for this action.

////

---

[3] All parties remain under the obligation to supplement their discovery responses if the responding party learns that a response was incomplete or incorrect, and such information has not been otherwise made known to the other party. Fed. R. Civ. P. 26(e).

13

III. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 64) is partially granted:

1. Within thirty days from the date of this order, defendants shall provide further responses to plaintiff's RFP Set Two, request nos. 28, 29, and 30-33, as set forth above.

2. Plaintiff's motion to propound additional interrogatories (ECF No. 64) is denied, except that within thirty days, plaintiff is granted leave to submit one additional interrogatory to each remaining defendant asking the defendant to provide the factual basis for each affirmative defense pled in the April 14, 2016 answer.

3. In all other respects, plaintiff's motion to compel (ECF No. 64) is denied.

Dated:  November 17, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcmi0578.mtc