UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MCMILLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. RINGLER, et al.,<br><br>    Defendants. | No. 2:13-cv-0578 MCE KJN P<br><br>ORDER |

On October 23, 2017, plaintiff filed a motion for extension of time to file an opposition to defendants' motion to strike, and to respond to defendants' objections to plaintiff's evidence, and seeks leave to file a sur-reply to defendants' reply to plaintiff's opposition. Good cause appearing, plaintiff's motion is partially granted.

Plaintiff is granted until November 23, 2017, in which to file an opposition to defendants' motion to strike, and to respond to defendants' objections to plaintiff's evidence.

The court turns now to plaintiff's request to file a sur-reply. Local Rules do not authorize the routine filing of a sur-reply. Nevertheless, a district court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005); accord Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional

argument from plaintiff, plaintiff did not seek leave to file a sur-reply before actually filing it, and the arguments in the sur-reply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013).

Plaintiff contends that defendants' reply included declarations and documents that were not previously addressed in the summary judgment motion briefing or produced during discovery. Plaintiff seeks an opportunity to refute such additional declarations and exhibits, or provide alternative proof if he does not seek to strike such documents. (ECF No. 96 at 3.)

Plaintiff's request to file a sur-reply is partially granted. Plaintiff is not granted leave to address all of the arguments in defendants' reply, or to include plaintiff's additional filings that defendants seek to strike. Rather, plaintiff may file a sur-reply that only addresses new evidence, including declarations, submitted with defendants' reply, and to provide any rebuttal evidence to such new evidence. Plaintiff may not use this opportunity to provide evidence he failed to provide earlier. For example, in the reply, defendants argue that plaintiff did not dispute defendant Zuniga's testimony or offer contrary evidence as to the December 5, 2012 cell search. (ECF No. 93 at 5:20-27.) Because the briefing period is closed, plaintiff may not now offer evidence as to defendant Zuniga's knowledge of plaintiff's previous litigation activities in connection with the December 5, 2012 cell search, in plaintiff's sur-reply. In other words, plaintiff's sur-reply is limited to evidence that was not provided in the motion for summary judgment or his opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 96) is granted;

2. Plaintiff is granted up to and including November 23, 2017, in which to file an opposition to the motion to strike, and a response to the defendants' objections to plaintiff's evidence. Defendants' reply, if any, shall be filed within seven days thereafter.

3. Plaintiff's request to file a sur-reply, due on or before November 23, 2017, is granted, subject to the limitations set forth above.

Dated: October 31, 2017

/mcmi0578.36(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE