UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN McMILLAN,

    Plaintiff,

v.

S. RINGLER, et al.,

    Defendants.

No. 2:13-cv-0578 MCE KJN P

ORDER

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a settlement conference before Magistrate Judge Brennan on November 15, 2018. If this action does not settle, a jury trial will be scheduled.

    Pending before the court is plaintiff's motion for leave to file a supplemental complaint. (ECF No. 116.) For the reasons stated herein, the undersigned construes this motion as a motion in limine and denies it as premature without prejudice.

    On February 14, 2018, the court granted in part and denied in part defendants' summary judgment motion. (ECF No. 106.) This action now proceeds as to the following claims against defendants Zuniga, Ringler and Scotland. In claim one, plaintiff alleges that on December 5, 2012, defendants Ringler and Zuniga searched his cell in retaliation for his legal activities. In claim one, plaintiff also alleges that defendant Scotland had knowledge of the alleged retaliatory search before it occurred. In claim two, plaintiff alleges that during the December 5, 2012 cell

search, defendants Zuniga and Ringler destroyed his Holy Korans in retaliation for his legal activities.

In claim three, plaintiff alleges that on January 17, 2013, defendant Ringler issued a chrono against plaintiff in retaliation for his legal activities. The chrono stated that plaintiff created and posted bulletins containing false information. The chrono stated that defendant Scotland told him (defendant Ringler) that the bulletins contained accusations against defendant Ringler. The chrono stated that since their posting, several inmates had approached defendant Ringler and asked him to elaborate on their content. The chrono stated that releasing plaintiff to the general population would pose a threat to safety. Finally, defendant Ringler requested that plaintiff be transferred to a different institution.

In claim four, plaintiff alleges that defendant Ringler confiscated his personal property following the December 5, 2012 cell search in retaliation for his legal activities. In claim five, plaintiff alleges two claims pursuant to the California Bane Act, i.e., California Civil Code § 52.1(a). First, plaintiff alleges that defendants Ringler, Zuniga and Scotland conspired to retaliate against him for his legal activities by destroying and desecrating his Holy Korans. Second, plaintiff alleges that defendants Ringler and Zuniga conspired to interfere with his religious beliefs by destroying and desecrating his Holy Korans.

In the proposed supplemental complaint, plaintiff seeks to add claims alleging that he was issued two rules violation reports because of defendant Ringler's January 17, 2013 chrono. Plaintiff alleges that after defendant Ringler issued the January 17, 2013 chrono, plaintiff was issued a rules violation report charging him with "misuse of a state computer." (ECF No. 116 at 2.) These charges were based on plaintiff's alleged use of a state computer to prepare the bulletins discussed in defendant Ringler's January 17, 2013 chrono. (Id.) Plaintiff also alleges that based on defendant Ringler's January 17, 2013 chrono, plaintiff was moved from the general population to administrative segregation ("ad seg"). (Id.) Plaintiff alleges that prior to his transfer to ad seg, Officer Ruiz searched his property and found an electrical charger. (Id.) Plaintiff was issued another rules violation report for possession of dangerous contraband, i.e., the electrical charger. (Id.)

In the proposed supplemental complaint, plaintiff seeks expungement of these rules violation reports from his central file. (Id.)

In the proposed supplemental complaint, plaintiff also alleges that the Board of Parole Hearings ("BPH") denied his request to advance his parole date, based on the rules violation reports charging him with misuse of a state computer and possession of dangerous contraband. Plaintiff alleges that on January 28, 2009, he was denied parole for ten years. (Id. at 7.) On August 26, 2016, plaintiff submitted a petition to advance his parole date. (Id. at 2.) Plaintiff alleges that on September 7, 2016, the "Board" denied this request based, in part, on the two rules violation charges he received as a result of defendant Ringler's January 17, 2013 chrono. (Id. at 3.)

In the opposition to the motion for leave to file a supplemental complaint, defendants first argue that the motion should be denied because plaintiff is seeking to add previously dismissed claims and defendants. In the second amended complaint, plaintiff claimed that R. Muldong issued the rules violation report charging him with misuse of a state computer in retaliation for plaintiff's legal activities. (ECF No. 55 at 7-8.) In the second amended complaint, plaintiff also alleged that Officer Ruiz conspired with defendant Ringler to retaliate against plaintiff for his legal activities when he conducted the search which led to the discovery of the electrical charger. (Id. at 13.) On March 31, 2016, these claims were dismissed for failing to state potentially colorable claims for relief. (ECF No. 65.)

While the proposed supplemental complaint discusses other prison officials, defendants Ringler, Zuniga and Scotland are the only defendants named in the proposed supplemental complaint. (ECF No. 116 at 11.) Thus, it does not appear that plaintiff is attempting to re-litigate the previously dismissed claims against R. Muldong and Officer Ruiz.

In the supplemental complaint, plaintiff alleges that he received the two rules violation reports because of defendant Ringler's allegedly retaliatory chrono. Plaintiff also claims that the BPH denied his petition to advance his parole date, in part, because of the two rules violation reports. Thus, plaintiff does not appear to be raising a new claim against defendant Ringler. Instead, plaintiff is seeking damages and injunctive relief based on the rules violation reports and

3

the denial of his petition to advance his parole date, which were allegedly caused by defendant Ringler's allegedly retaliatory chrono. For this reason, the undersigned construes plaintiff's motion to file a supplemental complaint as a motion in limine, requesting that he be allowed to present evidence regarding the rules violation reports and the petition to advance his parole date, in support of his claim for damages. See Goodman v. Las Vegas Metro Dept., 963 F.Supp.2d 1036, 1046 (D. Nev. 2013) (a motion in limine "is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence."); reversed on other grounds by Goodman v. Las Vegas Metro Dept., 613 Fed.Appx. 610 (9th Cir. 2015).

Plaintiff's motion in limine is premature because no trial date has been set. If this action does not settle, Judge England will issue an order setting the date for the filing of motions in limine.

Accordingly, IT IS HEREBY ORDERED plaintiff's motion for leave to file a supplemental complaint (ECF No. 116), construed as a motion in limine, is denied without prejudice.

Dated: September 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mcmill578.supp

4