UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWIN D. MCMILLAN,

                    Plaintiff,

          v.

S. RINGLER,

                    Defendant.

No.  2:13-cv-00578-MCE-KJN

**SUPPLEMENTAL PRETRIAL
SCHEDULING ORDER**

After review of the parties' Joint Trial Readiness Statement, the Court makes the following Supplemental Pretrial Scheduling Order.

**I.    FINAL PRETRIAL CONFERENCE**

A Final Pretrial Conference is set on **April 8, 2021, at 2:00 p.m. in courtroom 7**. At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

1

1  **II.    JOINT FINAL PRETRIAL CONFERENCE STATEMENT**

2          The parties shall file, not later than **March 11, 2021**, a Joint Final Pretrial

3  Conference Statement.  The provisions of Local Rule 281 shall apply with respect to the

4  matters to be included in the Joint Final Pretrial Conference Statement.  In addition to

5  those subjects listed in Local Rule 281(b), the parties are to provide the Court with a

6  plain, concise statement that identifies every non-discovery motion tendered to the Court

7  and its resolution.  Failure to comply with Local Rule 281, as modified by this

8  Supplemental Pretrial Scheduling Order, may be grounds for sanctions.

9          At the time of filing the Joint Final Pretrial Conference Statement, counsel shall

10  also electronically mail to the Court in digital format compatible with Microsoft Word, the

11  Joint Final Pretrial Statement in its entirety including the witness and exhibit lists.  **These**

12  **documents shall be sent to mceorders@caed.uscourts.gov.**

13          The parties should identify first the core undisputed facts relevant to all claims.

14  The parties should then, in a concise manner, identify those undisputed core facts that

15  are relevant to each claim.  The disputed facts should be identified in the same manner.

16  Where the parties are unable to agree as to what disputed facts are properly before the

17  Court for trial, they should nevertheless list all disputed facts asserted by each party.

18  Each disputed fact or undisputed fact should be separately numbered or lettered.

19          Each party shall identify and concisely list each disputed evidentiary issue which

20  will be the subject of a motion in limine.

21          Each party shall identify the points of law which concisely describe the legal

22  issues of the trial which will be discussed in the parties' respective trial briefs.  Points of

23  law should reflect issues derived from the core undisputed and disputed facts.  Parties

24  shall not include argument or authorities with any point of law.

25          Each party shall confirm the number of court days required to submit the case to

26  the jury.  The parties shall further confirm how many court days they will each require to

27  present their cases, inclusive of opening statements and closing arguments.

28  ///

1  Plaintiff's estimate shall also include the time necessary for jury selection, and
2  Defendant's estimate shall include the time necessary to finalize jury instructions and to
3  instruct the jury.  If the parties later submit a revised trial length estimate, the Court will
4  attempt to accommodate them, but, due to its impacted docket, cannot guarantee that it
5  will be able to do so.

6  The parties are reminded that pursuant to Local Rule 281 they are required to list
7  in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose
8  to offer at trial.  After the name of each witness, each party shall provide a brief
9  statement of the nature of the testimony to be proffered.  The parties may file a joint list
10  or each party may file separate lists.  These list(s) shall not be contained in the body of
11  the Joint Final Pretrial Conference Statement itself, but shall be attached as separate
12  documents to be used as addenda to the Final Pretrial Order.  Counsel are ordered to
13  file their exhibit list on or before **March 11, 2021**.  The parties must expressly reserve the
14  right to offer additional exhibits at trial.

15  The Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be
16  listed alphabetically.  After A-Z is exhausted, defense counsel is to use A2 through Z2,
17  then begin with A3 through Z3, and so on. Each page in all multi-page exhibits shall be
18  marked for identification and all photographs must be marked individually.  A footer must
19  be used to mark exhibits and must be in the following format:  Case Number, Case
20  Name, Party Offering Exhibit, Exhibit Number or Letter, Page of Exhibit with length of
21  exhibit.[1]

22
23
24
25
26
27
_____
[1]  Example of exhibit stamp footer.
28  2:13-cv-00578-MCE-KJN, McMillan v. Ringler      Plaintiff's Exhibit 1            Page 1 of 3

Each party may use an exhibit designated by the other.  Exhibit lists must be in Microsoft Word, filed in the table format as shown below, and emailed to mceorders@caed.uscourts.gov by **March 11, 2021**.

| EXHIBIT IDENTIFICATION | EXHIBIT DESCRIPTION | DATE OFFERED | DATE ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The parties are ordered to file their exhibit lists on or before **March 11, 2021**. Each page in all multi-page exhibits shall be marked for identification and all photographs must be marked individually.  All exhibits must be premarked.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

A.     No other exhibits will be permitted to be introduced unless:

(1)     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence, or

(2)     The exhibit was discovered after the pretrial statements were filed and the proffering party makes the showing required in paragraph "B", below.

B.     Upon the post-pretrial discovery of exhibits, the parties shall promptly inform the Court and opposing party of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)     The exhibits could not reasonably have been discovered earlier;

(2)     The Court and opposing parties were promptly informed of their existence;

(3)     The proffering party forwarded a copy of the exhibit(s) (if physically possible) to opposing parties.

1  If the exhibit(s) may not be copied, the proffering party must show that the exhibit(s)

2  were made reasonably available for inspection by opposing party.

3       The Final Pretrial Order will contain a stringent standard for the offering at trial of

4  witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned

5  that the standard will be strictly applied.  The listing of exhibits or witnesses that a party

6  does not intend to offer will be viewed as an abuse of the Court's processes.

7       The parties are reminded that pursuant to Rule 16 of the Federal Rules of Civil

8  Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the

9  formulation and simplification of issues and the elimination of frivolous claims or

10  defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance

11  of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the

12  Joint Final Pretrial Conference Statement and participate in good faith at the Final

13  Pretrial Conference with these aims in mind.  A failure to do so may result in the

14  imposition of sanctions which may include monetary sanctions, orders precluding proof,

15  elimination of claims or defenses, or such other sanctions as the Court deems

16  appropriate.

17  **III.    TRIAL BRIEFS**

18       The parties shall file trial briefs not later than **March 11, 2021**.  Counsel are

19  directed to Local Rule 285 regarding the content of trial briefs.

20  **V.    MOTIONS IN LIMINE**

21       Any evidentiary or procedural motions are to be filed in __one__ document by **March**

22  **11, 2021**.  Oppositions must be filed in __one__ document by **March 25, 2021**, and any reply

23  must be filed in __one__ document by **April 1, 2021**.  The motions will be heard by the Court

24  at the same time as the Final Pretrial Conference.

25  ///

26  ///

27  ///

28  ///

## VI.   TRIAL SETTING

A jury trial is set on **June 7, 2021, at 9:00 a.m. in courtroom 7**.  Trial is confirmed for four (4) days.

The parties are reminded that pursuant to Federal Rules of Civil Procedure Rule 16(b), the Supplemental Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Supplemental Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

This Supplemental Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) <u>court</u> days of service of this Order.

IT IS SO ORDERED.

Dated:  July 30, 2020

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6