UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edwin McMillan,<br><br>               Plaintiff,<br><br>   v.<br><br>S. Ringler, et al.,<br><br>              Defendants. | No. 2:13-cv-00578-KJM-KJN<br><br>FINAL PRETRIAL ORDER |

On February 10, 2022, the court conducted a final pretrial conference. Matthew Becker appeared for plaintiff Edwin McMillan. Joseph R. Wheeler and Garrett Seuell appeared for defendants Ringler, Scotland, and Zuniga. After hearing, and good cause appearing, the court makes the following findings and orders:

**JURISDICTION AND VENUE**

Jurisdiction is predicated on 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343. Venue is proper in this district because the events in dispute took place within this district. Jurisdiction and venue are not contested.

**JURY / NON-JURY**

The trial will be by jury. The jury will be composed of eight jurors.

**UNDISPUTED FACTS**

1. At all times relevant to the claims in this action, Plaintiff Edwin McMillan was an inmate incarcerated at California State Prison—Solano.

2. At all times relevant to the claims in this action, Defendants Scotland, Ringler, and Zuniga were employed by the California Department of Corrections and Rehabilitation (CDCR) at California State Prison—Solano.

3. On November 13, 2012, Officer Ringler confiscated an iPhone during a search of Plaintiff's bunk area or a common area near where Plaintiff and others were bunked.

4. Plaintiff received a Rules Violation Report (SD-12-11-0449) for possession of a cell phone.

5. On December 5, 2012, Officers Ringler and Zuniga conducted a search of Plaintiff's bunk area. Officers Ringler and Zuniga confiscated an iPhone and various other property items.

6. Plaintiff received a Rules Violation Report (SD-12-12-0470) for possession of a cell phone following the December 5, 2012 search.

7. Plaintiff was transferred to Administration Segregation in December 2012.

8. Bulletins with accusations about Ringler were posted around Facility D.

9. Lieutenant Henry transferred Plaintiff to Administrative Segregation on January 16, 2013, due to information identifying Plaintiff as the author of the bulletins.

10. On January 17, 2013, Ringler prepared a 128-B chrono regarding information related to the bulletins, in which he requested that Plaintiff be transferred due to concerns regarding the safety and security of the institution.

11. Plaintiff received a Rules Violation Report (SD-13-01-0013) for misuse of a state computer in connection with the bulletins.

12. During an ICC on March 27, 2014, the committee, chaired by Chief Deputy Warden Arnold, recommended that Plaintiff be transferred to Folsom State Prison.

/////

**DISPUTED FACTUAL ISSUES**

1. Whether Ringler made hostile comments to Plaintiff about Plaintiff's case, for which he had a hearing in October 2012.
2. Whether the search of Plaintiff's bunk area on December 5, 2012, was performed in retaliation for Plaintiff's protected activities.
3. Whether the December 5, 2012 search advanced legitimate correctional goals.
4. Whether the confiscation of property from Plaintiff's bunk area on December 5, 2012, was performed in retaliation for Plaintiff's protected activities.
5. Whether the confiscation of property from Plaintiff's bunk area on December 5, 2012, advanced legitimate correctional goals.
6. Whether Officers Ringler and Zuniga destroyed Plaintiff's Koran during the December 5, 2012 search.
7. Whether Ringler and Zuniga's alleged conduct was performed in furtherance of a conspiracy.
8. Whether the review committee punished Plaintiff for possession of a cell phone by the review committee (pertaining to the December 5, 2012 search).
9. What dates Plaintiff was in Administrative Segregation and what level of administrative segregation was applied during what times.
10. Whether Ringler authored the 128-B chrono in retaliation for Plaintiff's protected activities.
11. Whether the 128-B chrono authored by Ringler advanced legitimate correctional goals.

**DISPUTED EVIDENTIARY ISSUES**

1. Whether Defendants may introduce evidence about or mention phones found in searches.
2. Whether Defendants may introduce evidence about or mention Plaintiff's incarceration offense.

/////

3. Whether Defendants may introduce evidence about or mention the length of Plaintiff's sentence.

**RELIEF SOUGHT**

Plaintiff requests $225,000 in compensatory damages and an unspecified amount of punitive damages.

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **seven days prior to the date of trial** in accordance with Local Rule 285.

**WITNESSES**

The plaintiff's witnesses are listed in Attachment A. The defendant's witnesses are listed in Attachment B. Each party may call any witnesses designated by the other.

    A.    The court will not permit any other witness to testify unless:

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)    The court and opposing parties were promptly notified upon discovery of the witness;

        (3)    If time permitted, the party proffered the witness for deposition; and

    (4)  If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's exhibits are identified on attachment C.  At trial, plaintiff's exhibits shall be listed numerically.  Defendant's exhibits are identified on attachment D.  At trial, defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AA, AB, AC, etc., then BA, BB, BC, and so on through ZZ.  The court encourages the parties to generate a joint exhibit list to the extent possible.  Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**.  Any objections to exhibits are due no later than **fourteen days before trial**.

 A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

   1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

 B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

   1. The exhibits could not reasonably have been discovered earlier;

   2. The court and the opposing parties were promptly informed of their existence;

       3.       The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

The court will not retain exhibits after trial.  The court will address any motions for trial protective orders at trial.

**DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**SETTLEMENT**

The parties have engaged in two settlement conferences with the Court, including with Magistrate Judge Newman and with Magistrate Judge Brennan. Settlement negotiations have been unsuccessful.

**MOTIONS *IN LIMINE***

Defendant Ringler has filed motions in limine.  ECF No. 168.  Oppositions to these motions are due no later than **fourteen days before the first day of trial**.  The court will hear replies, if any, orally on the first day of trial.  The court anticipates resolving all motions in limine in a bench order on the first day of trial.

**JOINT STATEMENTS OF THE CASE**

The parties shall file a proposed joint statement of the case no later than **seven days before the first day of trial**.

**SEPARATE TRIAL OF ISSUES**

The parties' joint request to bifurcate the trial on the question of punitive damages is **granted**.  Neither party will present evidence regarding plaintiffs' request for punitive damages during the first phase of trial.

/////

**ATTORNEY'S FEES**

Plaintiff is represented by appointed counsel. 42 U.S.C. § 1988 permits an award of attorney's fees in the event of a favorable outcome.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **May 17, 2022 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last **five days**. The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire **seven days before the first day of trial**. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **fourteen days before the first day of trial**, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than **fourteen days before the first day of trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **seven days before the first day of trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

/////

/////

1 | **OBJECTIONS TO THIS ORDER AND CONCLUSION**

2 |     Each party is granted **fourteen days** from the date of this order to file objections to the
3 | same. If no objections are filed, the order will become final without further order of this court.
4 |     IT IS SO ORDERED.
5 | DATED: February 15, 2022.

*[Signature]*
CHIEF UNITED STATES DISTRICT JUDGE

1  **ATTACHMENT A: PLAINTIFF'S WITNESS LIST**

2      Plaintiff Edwin McMillan can be reached by and through Counsel for Plaintiff at Becker

3  Law Practice; 333 University Ave #200; Sacramento, CA 95825; (916)591-5150.

**ATTACHMENT B: DEFENDANTS' WITNESS LIST**

1. Defendant A. Scotland will provide testimony regarding the claims against him and the other Defendants in this action, including but not limited to Plaintiff's retaliation and conspiracy claims based on the search, confiscation, and alleged destruction of his property, and also the events related to the bulletins regarding Defendant Ringler.

2. Defendant S. Ringler will provide testimony regarding the claims against him and the other Defendants in this action, including but not limited to Plaintiff's retaliation and conspiracy claims based on the search, confiscation, and alleged destruction of his property, and also the events related to the bulletins regarding Ringler.

3. Defendant J. Zuniga will provide testimony regarding the claims against him and the other Defendants in this action, including but not limited to Plaintiff's retaliation and conspiracy claims based on the search, confiscation, and alleged destruction of his property, and also the events related to the bulletins regarding Ringler.

4. Officer M. Williamson will provide testimony regarding the claims against Defendants in this action, including but not limited to Plaintiff's retaliation and conspiracy claims based on the search, confiscation, and alleged destruction of his property.

5. Officer M. Ruiz will provide testimony regarding the claims against Defendants in this action, including but not limited to Plaintiff's retaliation claims based on both the search and confiscation of his property.

6. R. Muldong will provide testimony about the bulletins regarding Ringler, including but not limited to the bulletins themselves and statements made by Plaintiff regarding the bulletins.

7. Officer M. Hogan will provide testimony about the bulletins regarding Ringler, including but not limited to the bulletins themselves and statements made by Plaintiff regarding the bulletins.

8. Lieutenant S.W. Brown will provide testimony regarding a rules violation that Plaintiff received as a result of being in possession of contraband, including but not limited to any statements made by Plaintiff during the hearing.

9. Lieutenant G. Bickham will provide testimony regarding a rules violation that Plaintiff received as a result of being in possession of contraband, including but not limited to any statements made by Plaintiff during the hearing.

10. Lieutenant M. Brida will provide testimony regarding several rules violations: a rules violation that Plaintiff received as a result of being in possession of contraband, and a rules violation that Plaintiff received related to the bulletins regarding Ringler. Brida's testimony will include, but will not be limited to, any statements made by Plaintiff during the hearings.

11. Lieutenant M. Sanchez will provide testimony regarding a rules violation that Plaintiff's bunkmate (McClelan) received as a result of being in possession of contraband, including but not limited to any statements made by McClelan during the hearing.

12. Lieutenant D. McLain will provide testimony regarding a rules violation that Plaintiff's bunkmate (McClelan) received as a result of being in possession of contraband, including but not limited to any statements made by McClelan during the hearing.

13. Captain J. Popovits will provide testimony regarding the various rules violations that Plaintiff received.

14. Lieutenant D. Henry will provide testimony regarding Plaintiff's placement in Administrative Segregation and eventual transfer due to the bulletin regarding Ringler.

15. Chief Deputy Warden E. Arnold will provide testimony regarding the ICC decision to transfer Plaintiff following the bulletin related to Ringler.

16. CSR L. Puig will provide testimony regarding the approval to transfer Plaintiff to Folsom State Prison.

17. Captain T. Lee, or some other individual from the Office of Appeals, will testify regarding inmate grievances submitted by Plaintiff.

**ATTACHMENT C: PLAINTIFF'S EXHIBIT LIST**

| ID | Description | Offered | Admitted |
|---|---|---|---|
| 1 | 1083 Form (Property Inventory) dated 9/6/11 | | |
| 2 | Memorandum of Proper Evidence Procedures for Wireless Communications Devices dated September 7, 2007. | | |
| 3 | CDCR Form 22 – Documentation of incident sent to c/o Williamson | | |
| 4 | CDCR Form 22 – Documentation of incident sent to floor officer Rothman | | |
| 5 | Memorandum of Plaintiffs account of the 5/5/2012 search emailed to AW Young by Chaplain Boyle | | |
| 6 | Letter to Council of American-Islamic Relations by plaintiff outlining additional retaliation against Muslim Inmates at Solano State Prison. | | |
| 7 | CDCR Form 22 – Documenting threats by Ringler sent to Lt. Bickham on 2/4/13 | | |
| 8 | 3rd Level Appeal decision by Captain Van Leer dated May 13, 2013. | | |
| 9 | 2nd Level Appeal decision by Gary Swarthout dated August 12, 2013. | | |
| 10 | CDCR 114 "Lock up" Order dated January 16, 2013. | | |
| 11 | CDCR 128-B Officer Ringler's memorandum to CSP-Solano program Lieutenant dated January 17. | | |
| 12 | CDCR Form 128G classification chrono dated 1/24/2013 signed by Chairperson Arnold and Recorder Jackura. | | |
| 13 | CDCR 128-B Notice of Transfer Consideration – dated March 14, 2013. | | |
| 14 | 1st Level Appeal Decision dated August 5, 2013 of CDCR 602 – Dated Received on July 31, 2013, Feb 6, 2013, March 12, 2013, April 18, 2013, and June 6, 2013. Submitted Feb 2, 2013. | | |

| ID | Description | Offered | Admitted |
|----|-------------|---------|----------|
| 15 | Rejection of Appeal of Transfer, dated January 23, 2014 | | |
| 16 | Form 602 - Appeal of Rules Violation report for "creation of bulletins" on state computer | | |

**ATTACHMENT D: DEFENDANTS' WITNESS LIST**

| ID | Description | Offered | Admitted |
|---|---|---|---|
| A | Cell Search Receipt from November 13, 2012 | | |
| B | Photocopy of cell phone confiscated on November 13, 2012 | | |
| C | Cell Search Receipt from December 5, 2012 | | |
| D | Photocopy of cell phone and cord confiscated on December 5, 2012 | | |
| E | Cell Search Receipt from December 5, 2012, reflecting that a cell phone was taken from Plaintiff's bunkmate McClelan | | |
| F | Photocopy of cell phone confiscated from McClelan on December 5, 2012 | | |
| G | Memo from Ringler dated December 31, 2012 | | |
| H | Receipt for TV belonging to inmate Gordon | | |
| I | Rules Violation Report with Log No. SD-12-11-0449 | | |
| J | Rules Violation Report with Log No. SD-12-12-0470 | | |
| K | Rules Violation Report with Log No. SD-12-12-0471 | | |
| L | Rules Violation Report with Log No. SD-12-12-0480 | | |
| M | Rules Violation Report with Log No. SD-13-01-0012 | | |
| N | Rules Violation Report with Log No. SD-13-01-0013 | | |
| O | Bulletin beginning with "ATTENTION!!!" | | |
| P | 128-B Chrono from Ringler dated January 17, 2013 | | |
| Q | 128-B Chrono from Henry dated March 20, 2013 | | |
| R | CDC-114 Administrative Segregation Placement Notice | | |
| S | 128-G Classification Chrono dated March 27, 2013 | | |
| T | 128-G Chrono dated April 10, 2013 | | |

| ID | Description | Offered | Admitted |
|---|---|---|---|
| U | Appeal Logs reflecting inmate appeals submitted by Plaintiff at the institutional level | | |
| V | Appeal Log reflecting inmate appeals submitted by Plaintiff to the Office of Appeals. | | |
| W | Plaintiff's abstracts of judgment | | |
| X | Abstracts of judgment for any inmate witnesses | | |
| Y | Excerpts from Plaintiff's Central File | | |
| Z | Records from Plaintiff's prior court actions | | |