UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edwin McMillan,<br><br>    Plaintiff,<br><br>    v.<br><br>S. Ringler, et al.,<br><br>    Defendants. | No. 2:13-cv-00578-KJM-KJN<br><br>ORDER |

Defendants Ringler, Scotland, and Zuniga apply ex parte for leave to contend that plaintiff Edwin McMillan did not exhaust his administrative remedies before filing this action, as required by the Prison Litigation Reform Act (PLRA). *See* Ex Parte App., ECF No. 178; 42 U.S.C. § 1997e(a).

A defendant bears the burden to both plead and prove that a plaintiff has not exhausted administrative remedies under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). The defendants did not assert in their answer that Mr. McMillan did not exhaust his administrative remedies. *See generally* Answer, ECF No. 66. As they acknowledge, they could only assert this defense now if they amended their answer. *See* Ex Parte App. at 7. In addition, the deadline for dispositive pretrial motions passed long ago. *See* Discovery and Scheduling Order, ECF No. 71. Before the defendants could move for summary judgment based on an administrative exhaustion defense, the scheduling order

1

would need to be amended, both to permit them to amend their answer and to allow further pretrial motion practice. *See, e.g.*, *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, 831 F. App'x 814, 816 (9th Cir. 2020) (unpublished); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

A pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet that order's deadlines. *Johnson*, 975 F.2d at 609. When litigants request changes to the scheduling order, the court's inquiry focuses on their attempts to comply; they must demonstrate their "diligence." *See, e.g.*, *id.* at 609; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999). Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source. *See, e.g.*, *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008). The defendants here do not attribute their need for an amendment to an outside cause; they cite a likely oversight by their previously assigned attorneys. *See* Ex Parte App. at 5–6. The court cannot conclude on this record that the defendants were diligent in pursuing their proposed administrative exhaustion defense. *See, e.g.*, *Johnson v. Merck & Co.*, No. 20-00138, 2022 WL 229860, at *3 (E.D. Cal. Jan. 26, 2022) (denying motion to amend scheduling order to correct alleged errors by previously assigned counsel); *Fed. Deposit Ins. Corp. v. Ching*, No. 13-1710, 2016 WL 1756913, at *3 (E.D. Cal. May 3, 2016) (denying motion to amend scheduling order based on claims of "confusion" about "the effect of the court's previous orders").

The court acknowledges defense counsel's efforts to meet and confer soon after they came to the conclusion that they had not asserted a potentially viable defense, to then quickly seek relief, and to explain the reasons behind their request clearly and candidly. That action, however, has come too late. Mr. McMillan filed his original complaint almost a decade ago. The court recently appointed counsel to represent him at trial and held a final pretrial conference. *See* Am. Mins., ECF No. 174. A trial will begin in about two months. *See* Min. Order, ECF No. 175. That trial date could be postponed at the defendants' request "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Rather than preventing manifest injustice, adding a new affirmative defense to the case now would likely cause manifest injustice to Mr. McMillan.

1     The ex parte application (ECF No. 178) is **denied**.

2     IT IS SO ORDERED.

3 DATED: March 11, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE