UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edwin D. McMillan,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Ringler, et al.,<br><br>　　　　　　Defendants. | No. 2:13-cv-00578-KJM-KJN<br><br>ORDER |

For the following reasons, having carefully considered the matter, the court **grants the defendants' motion to continue the trial date** and **denies in part and grants in part the motion for leave to file a motion for summary judgment**.

**I.    BACKGROUND**

Plaintiff Edwin D. McMillan claims the defendants violated his rights under the First Amendment and California's Bane Act. *See* First Am. Compl., ECF No. 18. On December 5, 2012, plaintiff submitted an inmate grievance, "alleg[ing] facts that form the basis of his [ ] claims." MIL No. 5 at 2, ECF No. 181; Finding and Recommendation at 4, ECF No. 41. Plaintiff then filed this case on March 25, 2013, Compl., ECF No. 1, about two months before he received a decision at the final level of his administrative appeal, Third Level Appeal Decision at 1, MIL No. 5 Ex. A, ECF No. 181. In January 2014, plaintiff filed his operative first amended

1

complaint, ECF No. 18, to "allege completion of . . . Administrative Review." Mot. to Am. at 2, ECF No. 15.

This case was set to begin trial on May 20, 2022, but plaintiff's counsel could not proceed due to health concerns. Mins, ECF No. 192. The court reset the trial to begin on July 12, 2022, and granted the parties leave to file additional pretrial motions. *Id.*

Defendants now move to continue the trial date, Mot. to Continue, ECF No. 193, and for leave to file a motion for summary judgment on the issue of administrative exhaustion, Mot. for Leave to File Mot. for Summ. J. (Mot. for Leave), ECF No. 194. The motions are briefed, and the court submits them on the papers.

## II.   ANALYSIS

Starting with the motion to continue, defendants explain they are available to start trial from October 10, 2022, to November 7, 2022. Mot. to Continue at 2. Plaintiff does not oppose the motion. Statement of Non-opp'n, ECF No. 195. The court **resets the trial to begin on October 11, 2022, at 9:00 a.m. in Courtroom 3.**

Moving to the defendants' request for leave to move for summary judgment, defendants argue plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) and California law prior to filing this suit. Mot. for Leave at 6. Whether the court permits defendants to file this late-stage motion for summary judgment turns on whether they can show good cause to do so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (dates in scheduling order may be modified only for "good cause" under Federal Rule of Civil Procedure 16(b)(4)). Defendants contend there is good cause to file the motion because the court should address exhaustion before proceeding to trial and plaintiff will not be prejudiced because of the continued trial date. *Id.* at 2.

### A.   Federal Claim Exhaustion

Under the PLRA "all inmates must [ ] exhaust all available remedies" before filing a claim in court. *Ross v. Blake*, 578 U.S. 632, 641 (2016). "To comply with the PLRA's exhaustion requirement in California, [p]laintiff was required to follow a three-step grievance process: first submit a grievance Form 602 to the prison appeals office and then, depending on the response,

appeal that decision to a second and third level." *Saddozai v. Davis*, __ F.4th __, 2022 WL 1613616, at *3 (9th Cir. May 23, 2022). The PLRA's exhaustion requirement is an affirmative defense, meaning the "defendants must plead and prove" failure to exhaust. *Fordley v. Lizarraga*, 18 F.4th 344, 350–51 (9th Cir. 2021) (citation omitted).

Here, defendants did not plead exhaustion in their answer, *see generally* Answer, ECF No. 66, and did not raise the issue in their motion for summary judgment, *see generally* Mot. for Summ. J., ECF No. 77. The defendants did not raise the issue for the first time until five years after the May 18, 2017 pretrial motion deadline, Discovery and Scheduling Order at 5, ECF No. 71, only two months before the scheduled trial date , Ex Parte Application, ECF No. 178. Plaintiff argues there is no good cause to allow the defendants to amend their answer and move for summary judgment because plaintiff has exhausted his administrative remedies. Opp'n at 2, ECF No. 196. Although plaintiff commenced this action while his third, and final, level of administrative review was still pending, Third Level Appeal Decision at 1, he amended his complaint after the final review was completed, *see generally* FAC. In support of his argument plaintiff cites *Saddozai v. Davis*, *supra.* Opp'n at 3 (citing 2022 WL 1613616, at *3).

In *Saddozai*, the plaintiff did not fully exhaust his administrative remedies before he filed his initial complaint. 2022 WL 1613616, at *3. But the parties agreed "[p]laintiff had fully exhausted by the time he filed his third amended complaint, which the district court deemed the 'operative complaint.'" *Id.* The Ninth Circuit explained "that a prisoner can cure [exhaustion] deficiencies through later filings, regardless of when he filed the original action" because "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint." *Id.* (quotation marks and citations omitted). Thus, the Circuit held the date of plaintiff's operative complaint "controls the PLRA exhaustion analysis, and the district court erred in dismissing [the case] for lack of exhaustion." *Id.* (citing *Ramirez v. Collier*, __ U.S. __, 142 S. Ct. 1264, 1276 (2022) as "not irreconcilable" with Ninth Circuit precedent).

The defendants' only response to *Saddozai* is to insist it "was wrongly decided" and may be overturned, without pointing to any *en banc* or petition for certiorari the *Saddozai* defendants have filed. Reply at 2, ECF No. 197. While it is always possible a decision may be reconsidered

3

by an *en banc* panel or the Supreme Court, the defendants do not ask this court to stay the case based on any pending review and they do not grapple with related Ninth Circuit precedent, which is consistent with *Saddozai*. For more than a decade, Ninth Circuit authority has provided that a properly amended complaint can cure exhaustion issues in PLRA cases. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent."); *see also Jackson v. Fong*, 870 F.3d 928, 934 (9th Cir. 2017) ("we concluded that the amended complaint controlled the PLRA exhaustion analysis"). Furthermore, although the Supreme Court has "not definitively resolve[d] the issue," it has noted the Ninth Circuit's reasoning without questioning it. *See Ramirez v. Collier*, 142 S. Ct. at 1276 (where prison officials did not resolve grievance until after plaintiff filed in federal court "[b]ut [plaintiff] filed an amended complaint . . . . [t]he original defect was arguably cured by those subsequent filings") (citing *Rhodes*, 621 F.3d at 1005).

Even if other circuits would not permit plaintiff's amendment to cure his initial exhaustion defect, *see* Reply at 1–2, this court is bound by the decisions of the Ninth Circuit. As reviewed above, in this Circuit, the PLRA exhaustion analysis is based on the timing of the operative complaint. Given that plaintiff filed his operative complaint after exhausting his administrative remedies permitting defendants to move for summary judgment would be futile. Good cause does not support modifying the schedule order to allow such a motion under Rule 16.

**B.   State Claim Exhaustion**

The defendants also argue plaintiff did not exhaust administrative remedies as required for his state law claims. California law requires a plaintiff to exhaust available administrative remedies "provided by statute" before turning to the courts. *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311, 321 (2005)). California courts have held that "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite'" to bringing state law claims. *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) (citation omitted). A "[p]laintiff bears the burden of showing that he has complied." *Baker v. Cnty. of Sonoma*, No. 08-03433, 2010 WL 1038401,

/////

at *20 (N.D. Cal. Mar. 19, 2010) (citing *Wright v. State of California*, 122 Cal. App. 4th 659, 665 (2004)).

Plaintiff's opposition addresses only exhaustion under the PLRA and, as defendants point out, "makes no argument that the PLRA governs exhaustion of his state-law claims." Reply at 2; *see generally* Opp'n. At the same time, without addressing the merits of whether PLRA exhaustion satisfies state law exhaustion requirements, the defendants simply argue the plaintiff's failure to address the issue means they should be permitted to move for summary judgment on this ground. Reply at 2–3. Thus, unlike with plaintiff's PLRA claims, the court cannot conclude on the current filings whether an exhaustion motion regarding plaintiff's Bane act claim would be futile.

On the one hand, defendants' raising exhaustion for the first time after nearly a decade of litigation is hardly diligent. At the same time, in the days leading up to trial, plaintiff's counsel missed several court-imposed filing deadlines, did not meet and confer with opposing counsel, and did not timely inform the court his health conditions might impede his ability to proceed to trial. While the court is sympathetic to plaintiff's counsel given the health issues he ultimately shared with the court, in light of the need to continue the trial date the court grants in part the defense request for motion practice to clarify whether failure to exhaust bars plaintiff's Bane Act claim.

**III.   CONCLUSION**

The motion hearing set for June 17, 2022, is vacated.

The court **grants the motion to continue (ECF No. 193)**. The trial date set for July 12, 2022, is vacated and reset for **October 11, 2022, at 9:00 a.m. in Courtroom 3**.

The court **denies in part and grants in part the motion for leave to file motion for summary judgment (ECF No. 194)**. Any motion for summary judgment **shall be heard by August 19, 2022, at 10:00 a.m. in Courtroom 3**. The motion and any opposition shall be

/////

/////

/////

5

1  limited to 10 pages, any reply shall be 5 pages. The briefing schedule shall follow in accordance
2  with the relevant local rules.
3       IT IS SO ORDERED.
4  DATED: June 15, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE