UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edwin D. McMillan,<br><br>    Plaintiff,<br><br>    v.<br><br>S. Ringler, et al.,<br><br>    Defendants. | No. 2:13-cv-00578-KJM-KJN<br><br>ORDER |

    Defendants move for partial summary judgment of plaintiff Edwin D. McMillan's claims under California's Bane Act for failure to exhaust administrative remedies. Mr. McMillan opposes the motion. As explained below, the court **grants** the motion and dismisses Mr. McMillan's Bane Act claims without prejudice to filing the claims in a separate suit.

**I.  BACKGROUND**

    The court has summarized the background of this litigation in its previous orders. *See*, *e.g.*, Order at 1–2 (June 16, 2022), ECF No. 198. The relevant facts for this summary judgment motion are undisputed. *See* Statement of Undisputed Facts at 1–2, ECF No. 199-2. In early December 2012, Mr. McMillan submitted an inmate grievance alleging violation of his rights under the First Amendment and the Bane Act. *Id.* at 2. He then filed this case in March 2013, about two months before he received a decision at the final level of his administrative appeal. *Id.*

In January 2014, he amended his complaint to allege completion of his administrative appeal. *See* First Am. Compl., ECF No. 18.

After many years in litigation before this court, this case was set to begin trial on May 20, 2022, but Mr. McMillan's counsel was unable to proceed due to unanticipated health concerns. Mins., ECF No. 192. The trial date is now reset for October 11, 2022. Order at 5. In light of the trial date delay and other pretrial procedural matters, the court granted defendants' request to file this summary judgment motion.[1] *Id*. As noted above, Mr. McMillan opposes the motion. *See* Opp'n, ECF No. 200. Defendants have filed a reply. *See* ECF No. 201. The court held a hearing on August 19, 2022. Matthew Becker appeared for plaintiff Mr. McMillan. Joseph Wheeler and Garrett Seuell appeared for defendants.

## II.     LEGAL STANDARD

Federal courts apply state administrative exhaustion requirements for state law claims. *See City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 960 (9th Cir. 2009), *as amended* (Aug. 20, 2009). California law requires a prisoner to exhaust available administrative remedies "provided by statute" before turning to the courts. *Wright v. State of Cal.*, 122 Cal.App.4th 659, 664–65 (2004). A "[p]laintiff bears the burden of showing that he has complied." *Baker v. Cnty. of Sonoma*, 2010 WL 1038401, at *20 (N.D. Cal. Mar. 19, 2010) (citing *Wright*, 122 Cal.App.4th at 665). When a statute expressly requires exhaustion, the exhaustion defense cannot be waived and may be asserted by defendant at any time. *Saffer v. JP Morgan Chase Bank, N.A.*, 225 Cal.App.4th 1239, 1250–53 (2014). Failure to exhaust "denies jurisdiction to any court, state or federal, to consider [the non-exhausted] claims," *id*. at 1248; until exhausted the claims remain "within the special jurisdiction of the administrative tribunal," *Wright*, 122 Cal.App.4th at 665–66. When considering California state law claims, the Ninth Circuit also has viewed exhaustion as a jurisdictional requirement. *See Hotels.com LP*, 572 F.3d at 960.

---

[1] The court denied defendants' request to file summary judgment on Mr. McMillan's federal law claims for failure to exhaust under the federal Prison Litigation Reform Act (PLRA) because "a prisoner can cure [exhaustion] deficiencies through later filings, regardless of when he filed the original action" and "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint." Order at 3–4 (quoting *Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022)) (internal quotation marks and citations omitted.)

During the relevant time frame here, 2012 and 2013, the California Department of Corrections and Rehabilitation (CDCR) offered a three-step grievance process under which an inmate first submitted a grievance to the prison appeals office and then, depending on the response, appealed that decision to a second and third level.  *See Parthemore v. Col*, 221 Cal.App.4th 1372, 1380 (2013) (citing Cal. Code Regs tit. 15 §§ 3084.1, 3084.7 (2013)). The CDCR's regulations provided that administrative remedies were not exhausted until the inmate received a third-level decision.  *See* Cal. Code Regs. tit. 15 § 3084.1(b) (2013) ("all appeals are subject to a third level of review . . . before administrative remedies are deemed exhausted").  On June 1, 2020, the CDCR amended and renumbered its regulations governing the inmate grievance process.  *See* Cal. Code Regs. tit. 15 §§ 3480 *et seq*. (2020).

## III.   ANALYSIS

Mr. McMillan acknowledges he had not exhausted administrative remedies when he initially filed this action in May 2013.  But he argues he has since satisfied the exhaustion requirement because (1) he exhausted before this court issued summons or before he amended his complaint; (2) he was excused from completing his grievance process because the CDCR amended the process in 2020; and (3) he should be excused from exhaustion after the nine years of litigation before this court based on equitable principles.  The court considers all three arguments below.

First, under controlling Ninth Circuit authority applying California law, Mr. McMillan could not have cured his exhaustion defect after he filed his suit.  As the case Mr. McMillan himself cites makes clear, a plaintiff must exhaust administrative remedies before filing suit.  *See Wright*, 122 Cal. App. 4th at 664 ("a prisoner must exhaust available administrative remedies *before seeking judicial relief.*") (emphasis added); *see also Hotels.com LP*, 572 F.3d at 960 (applying state administrative exhaustion requirements to state law claims).  When pressed at hearing, Mr. McMillan's counsel conceded he has identified no countervailing authority, in which a court allowed a prisoner to complete exhaustion of a state law claim after filing suit.  *See generally* Opp'n.

1    Second, the 2020 amendments to the CDCR regulations do not excuse Mr. McMillan from
2 completing the grievance process that was available to him during 2012 and 2013. The amended
3 regulations expressly do not apply retroactively, as they only apply to inmate grievances filed "on
4 or after June 1, 2020." Cal. Code Regs. tit. 15 § 3480(a) (2021). The Ninth Circuit has required
5 inmates to exhaust the grievance process that was available to them at the time their claims arose.
6 *See Fordley v. Lizarraga*, 18 F.4th 344, 352 (9th Cir. 2021) (applying 2015 version of CDCR's
7 grievance process to claims subject to the 2015 version in decision issued in November 2021);
8 *Wimberly v. Alician*, 2022 WL 1769613, at *1 (9th Cir. June 1, 2022) (applying 2019 version of
9 CDCR's grievance process to claims subject to the 2019 version in decision issued in June 2022).
10 The adoption of the 2020 amendments to the grievance procedure regulations does not excuse
11 Mr. McMillan from the requirement of completing the grievance process that was in effect during
12 2012 and 2013.
13    Finally, at hearing, Mr. McMillan argued that the dismissal of his state law claims without
14 prejudice would unfairly delay this case, given that he could immediately commence a new action
15 with the dismissed, long-exhausted claims—and then move to consolidate the new action with
16 this one. Mr. McMillan's confidence in his ability to consolidate the new action is not necessarily
17 well-founded. Without reaching the question, the court notes that any new case advancing only
18 state law claims against California correctional officers would not appear to satisfy federal
19 diversity jurisdictional requirements so as to proceed in this court. *See* Fed. Rule. Civ. P. 42(a)
20 (allowing consolidation of actions involving common question of fact when they are pending
21 before the same court); Second Am. Compl. at 1, ECF No. 45 (noting plaintiff's residence in
22 California). Nonetheless, Mr. McMillan's invocation of equitable principles does not fall on deaf
23 ears, and the court has considered this argument carefully in reviewing the applicable authority.
24 Some California courts have excused non-statutory exhaustion requirements where their
25 application would be futile or result in irreparable harm. *See, e.g.*, *Volpicelli v. Jared Sydney*
26 *Torrance Mem'l Hosp.*, 109 Cal.App.3d 242, 253 (1980). More recent cases have viewed non-
27 statutory exhaustion as a procedural requirement, not a jurisdictional one, noting such a
28 requirement can be waived and subject to equitable estoppel. *See, e.g., Kim v. Konad USA*

4

*Distrib., Inc.*, 226 Cal.App.4th 1336, 1347–48 (2014).  But when a statute expressly requires exhaustion, as it does in this case, California law is clear that exhaustion is a non-waivable jurisdictional requirement, and that defendants may raise the defense at any time, even for the first time on appeal.  *See, e.g.*, *Saffer*, 225 Cal.App.4th at 1250–53; *cf.* Michael Asimow, et al., Cal. Prac. Guide: Admin. Law Ch. 15-B § 15:135 (The Rutter Group 2021) ("Except in circumstances where exhaustion of remedies is explicitly mandated by statute, the rule against waiver of the exhaustion defense [in California] appears to be eroding") (internal citation omitted).  While Mr. McMillan's frustration in the face of defendants' untimely exhaustion defense is understandable, controlling principles of state law require dismissal of Mr. McMillan's state law claims.

### IV.   CONCLUSION

For the reasons above, the court **grants** defendants' motion for partial summary judgment and dismisses plaintiff's Bane Act claims without prejudice to filing the claims in a separate suit, if possible.  The balance of plaintiff's case will proceed to trial as currently scheduled.

This order resolves ECF No. 199.

IT IS SO ORDERED.

DATED: September 7, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE